IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

GREGORY LASHER as lineal heir to LIAM N. McDOUGAL-LASHER (deceased),

    Plaintiff,

v.

REED G. WIPPERFURTH,

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiffs Gregory Lasher as lineal heir to Liam N. McDougal-Lasher (deceased) by and through their counsel, Anderson, Hemmat & McQuinn, L.L.C., and for his Complaint and Jury Demand against the Defendant, states as follows:

### I.  INTRODUCTORY ALLEGATIONS

1.  The Plaintiff, Gregory Lasher is a resident and citizen of the State of Virginia, who presently resides at 7451 Westcreek Court, Springfield, Virginia 22153.

2.  The Defendant Reed G. Wipperfurth, is an 18 year old Colorado resident of Steamboat Springs, Colorado, residing at of 492 Sandhill Circle, Steamboat Springs, Colorado 80487.

### II.  JURISDICTION AND VENUE

3.  This Court has personal jurisdiction over the Defendant because Defendant is a Colorado resident.

4. Plaintiff claims damages in excess of $75,000 in this action, excluding costs and interest.

5. This Court is vested with jurisdiction of this action by the Diversity Statute, 28 U.S.C. § 1332.

6. This Court is the proper venue for this action because the action that gave rise to this wrongful death occurred within the State of Colorado.

### III.   GENERAL NATURE OF THE ACTION

7. On June 29, 2016, Liam McDougal-Lasher was eleven years old and was visiting Saquache County to participate in a camping trip with his natural mother, step-father and step-siblings.

8. On June 29, 2016, at approximately 12:00 p.m., Liam McDougal-Lasher was struck and killed while a pedestrian crossing Saguache County Road LL56 where it intersects with Colorado Highway 285.

9. The traffic fatality was caused by Defendant Wipperfurth.

10. Upon information and belief, Defendant Wipperfurth was driving his girlfriend's family's vehicle at the time of the crash at a fast-rate of speed and without keeping proper control of his vehicle in a known tourist and camping location.

11. The Defendant Wipperfurth's conduct, as aforesaid constitutes a "felonious killing" as defined by C.R.S. § 15-11-803(b), as determined by C.R.S. § 15-11-803(7).

12. An unanticipated emergency was not a factor in causing or contributing to Defendant's negligence and reckless conduct and was not a cause of the collision.

13. Weather conditions were not a factor in causing or contributing to the collision in question.

14. A mechanical condition of the motor vehicle driven by Defendant Wipperfurth was not a factor in causing or contributing to the collision in question.

15. The comparative negligence of McDougal-Lasher was not a factor in causing or contributing to the collision in question.

16. The negligence of a third-party over whom Defendant had no control was not a factor in causing or contributing to the collision in question.

17. At all times relevant to this action Plaintiff was the natural father of the decedent.

18. As a result of Defendant's felonious killing of McDougal-Lasher, pursuant to C.R.S. § 13-21-203(1)(a), there is no limitation on the damages for non-economic loss or injury recoverable by Plaintiff in any action against the Defendant.

### IV. FIRST CLAIM FOR RELIEF AGAINST DEFENDANT WRONGFUL DEATH

19. Plaintiff incorporates herein all allegations contained in Paragraphs 1 through 18 in the Introductory Allegations, Jurisdiction and Venue and General Nature of the Action.

20. Plaintiff asserts wrongful death damages for the benefit of the Plaintiff and against the Defendant in accordance with C.R.S. § 13-20-101 *et. seq.*, § 13-21-202, § 13-21-203, and § 13-21-203.5.

21. As a direct and proximate result of Defendant's negligence, Plaintiff's damages arising out of the death of his son, including grief, loss of companionship, economic damages, impairment of the quality of his life, inconvenience, pain and suffering, and emotional distress. Plaintiff has also incurred and is entitled to recovery of medical costs associated with first response and medical charges, for reasonable funeral and burial expenses.

**WHEREFORE,** on account of matters set forth in the First Claim for Relief Plaintiff Gregory Lasher as lineal heir of Liam McDougal-Lasher (deceased), pray for a judgment in

favor of the Plaintiff, Gregory Lasher as lineal heir of Liam McDougal-Lasher (deceased) and against the Defendant Reed Wipperfurth, pursuant to the Wrongful Death Act, C.R.S. § 13-21-202, *et. seq.,* and C.R.S. § 15-22-803(7) for damages and losses sustained both as to economic and non-economic losses as a result of the untimely death of the Plaintiff's child; for the reasonable value of the necessary first response and medical charges; for prejudgment interest for monetary damages as are necessary to fully compensate the Plaintiff for losses and for such other and further relief available as well as in accordance with C.R.S. § 13-20-101 and for such other and further relief as the Court may deem appropriate and just including all costs, attorney's fees and for such other and further relief as to the Court appears proper in the premises.

**PLAINTIFF DEMANDS A JURY TRIAL OF NOT LESS THAN SIX PERSONS.**

Respectfully submitted this 22nd day of December, 2016.

*s/ Chad P. Hemmat, Esq.*
_____
Chad P. Hemmat, Esq.
ANDERSON, HEMMAT & McQuinn, LLC
5613 DTC Parkway, Suite 150
Greenwood Village, Colorado 80111
Phone:  (303) 782-9999
Fax:  (303) 782-9996
Email:  chad@andersonhemmat.com
Attorney for Plaintiff

Plaintiff's Address:
7451 Westcreek Court
Springfield, Virginia 22153